GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:     ANDREW E. KRAUSE
        LUCAS ISSACHAROFF
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769/2792
Facsimile: (212) 637-2786
E-mail:  andrew.krause@usdoj.gov
         lucas.issacharoff@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

THE NEW YORK TIMES COMPANY,

                         Plaintiff,

   -against-

U.S. DEPARTMENT STATE, U.S.
DEPARTMENT OF JUSTICE,

                         Defendants.[1]

19 Civ. 9420 (PAE)

**ANSWER**

------------------------------------------------------------ x

       Defendants United States Department of State ("State Department") and United States Department of Justice ("DOJ"; together, "Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answer the complaint of plaintiff The New York Times Company ("Plaintiff"), dated October 11, 2019, as follows:

       1.      Paragraph 1 consists of Plaintiff's characterization of this lawsuit, to which no response is required. To the extent a response is required, Defendants deny the allegations

---

[1] On December 10, 2019, Plaintiff filed a Notice of Voluntary Dismissal as against the Federal Bureau of Investigation ("FBI") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Dkt. No. 14. Because the FBI has been dismissed from this action, the FBI does not join in this Answer.

contained in paragraph 1 of the complaint, except admit that Plaintiff seeks relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3. Defendants deny the allegations contained in paragraph 3 of the complaint, except admit that Defendant State Department is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f).

4. Defendants deny the allegations contained in paragraph 4 of the complaint, except admit that Defendant DOJ is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f).

5. Paragraph 5 of the complaint consists of allegations regarding the FBI, a former defendant in this matter. The FBI was dismissed as a defendant on December 10, 2019, *see* Dkt. No. 14, and therefore no response is required to the allegations contained in paragraph 5 of the complaint.

6. The allegations contained in paragraph 6 of the complaint consist of Plaintiff's legal opinions and conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. The allegations contained in paragraph 7 of the complaint consist of Plaintiff's legal opinions and conclusions regarding venue, to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. The allegations contained in paragraph 8 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 8 of the complaint.

9. The allegations contained in paragraph 9 of the complaint consist of Plaintiff's characterization of two FOIA requests at issue in this matter. Defendant State Department admits that Plaintiff submitted the two identified FOIA requests to Defendant State Department on May 17, 2019. Defendant State Department denies that the allegations contained paragraph 9 accurately quote either of the two specified FOIA requests, and respectfully refers the Court to those requests for complete and accurate descriptions of their contents. Defendant State Department avers that Plaintiff has agreed to clarify and narrow the scope of the FOIA requests with State Department FOIA tracking numbers F-2019-06257 and F-2019-06255. Defendant Justice Department denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. The allegations contained in paragraph 10 of the complaint consist of Plaintiff's characterization of four FOIA requests. Defendant State Department admits that Plaintiff submitted the four FOIA requests identified in subparagraphs 10(i), 10(ii), 10(iii), and 10(iv) to Defendant State Department on May 21, 2019. Defendant State Department denies that the allegations contained in paragraph 10 of the complaint accurately quote any of the four specified FOIA requests, and respectfully refers the Court to those requests for complete and accurate descriptions of their contents. Defendant State Department avers that Plaintiff has agreed to clarify and narrow the scope of the FOIA requests with State Department FOIA tracking numbers F-2019-06318, F-2019-06323, and F-2019-06321. Defendant State Department avers that Plaintiff has agreed to withdraw the FOIA request with State Department tracking number F-2019-06325.

Defendant DOJ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11.     Defendant State Department admits the allegations contained in the first sentence of paragraph 11 of the complaint. The allegations contained in the second sentence of paragraph 11 of the complaint consist of Plaintiff's characterization of correspondence sent by Defendant State Department. Defendant State Department admits that the sections of quoted language are accurate quotations of portions of the May 23, May 24, and May 28, 2019 correspondence, and respectfully refers the Court to that correspondence for complete and accurate descriptions of its contents. Defendant State Department avers that Plaintiff has agreed to withdraw the FOIA requests with State Department tracking numbers F-2019-06312 and F-2019-06325. Defendant State Department avers that Plaintiff has agreed to clarify and narrow the scope of the FOIA requests with State Department FOIA tracking numbers F-2019-06255, F-2019-06257, F-2019-06258, F-2019-06260, F-2019-06261, F-2019-06318, F-2019-06321, and F-2019-06323. Defendant DOJ denies knowledge or information sufficient to form a belief as to the truth of the allegations in contained in paragraph 11 of the complaint.

12.     The allegations contained in paragraph 12 of the complaint consist of Plaintiff's characterization of three FOIA requests at issue in this matter. Defendant DOJ admits that Plaintiff submitted the three FOIA requests identified in subparagraphs 12(i), 12(ii), and 12(iii) to Defendant DOJ on May 20, 2019. Defendant DOJ denies that the allegations contained in paragraph 12 accurately quote any of the three specified FOIA requests. Defendant DOJ avers that Plaintiff has agreed to clarify and narrow the scope of the FOIA requests with DOJ-Office of Inspector General FOIA tracking numbers 19-OIG-253, 19-OIG-254, and 19-OIG-255.

Defendant State Department denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Defendant DOJ admits the allegations contained in paragraph 13 of the complaint. Defendant State Department denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14. Paragraph 14 of the complaint consists of allegations regarding the FBI, a former defendant in this matter. The FBI was dismissed as a defendant on December 10, 2019, *see* Dkt. No. 14, and therefore no response is required to the allegations contained in paragraph 14 of the complaint.

15. Paragraph 15 of the complaint consist of allegations regarding the FBI, a former defendant in this matter. The FBI was dismissed as a defendant on December 10, 2019, *see* Dkt. No. 14, and therefore no response is required to the allegations contained in paragraph 15 of the complaint.

16. Defendants repeat and incorporate by reference each and every response set forth herein to the allegations contained in paragraphs 1 through 15 of the complaint.

17. The allegations contained in paragraph 17 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 17 of the complaint, except admit that Defendant State Department is subject to FOIA.

18. The allegations contained in paragraph 18 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 18 of the complaint, except admit that Defendant DOJ is subject to FOIA.

19. Paragraph 19 of the complaint consists of allegations regarding the FBI, a former defendant in this matter. The FBI was dismissed as a defendant on December 10, 2019, *see* Dkt. No. 14, and therefore no response is required to the allegations contained in paragraph 19 of the complaint.

20. The allegations contained in paragraph 20 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. Moreover, no response is required to the extent the allegations contained in paragraph 20 of the complaint pertain to the FBI. To the extent a response is required as to the allegations regarding Defendants, Defendants deny the allegations contained in paragraph 20 of the complaint.

21. The allegations contained in paragraph 21 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. Moreover, no response is required to the extent the allegations contained in paragraph 21 of the complaint pertain to the FBI. To the extent a response is required as to the allegations regarding Defendants, Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Paragraphs 22 through 27 of the complaint consist of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

### SECOND DEFENSE

The requested records are exempt, in full or in part, from disclosure. *See* 5 U.S.C. § 552(b).

## THIRD DEFENSE

Defendants have exercised due diligence in processing the FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to complete their processing of the FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

## FOURTH DEFENSE

Defendants reserve the right to amend this answer to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
January 13, 2020

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:  */s/ Andrew E. Krause*
ANDREW E. KRAUSE
LUCAS ISSACHAROFF
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769/2792
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov
lucas.issacharoff@usdoj.gov

7